IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PRINCE GEORGE'S COUNTY, MARYLAND, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. PJM 18-3576 |
| | * | |
| WELLS FARGO & CO., *et al.*, | * | |
| | * | |
| Defendants | * | |

## **MEMORANDUM OPINION**

Prince George's County, Maryland, and Montgomery County, Maryland (collectively "the Counties") have filed this suit against Wells Fargo & Company and related entities ("Defendants") for what the Counties allege have been predatory and discriminatory residential mortgage lending, servicing, and foreclosure practices in violation of the Fair Housing Act (FHA), 42 U.S.C. §§ 3601, *et seq.*

*a. Background and Procedural Disposition*

As the Court previously noted, the Counties allege five broad categories of injuries: foreclosure processing costs, the increased cost of municipal services, economic injuries to the Counties' tax bases, lost municipal income, and non-economic injuries. *See* ECF No. 53 (providing a description of each category). In order to evaluate these allegations at the motion to dismiss phase, the Court must determine whether the Counties have stated "a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet that standard, the Counties must plausibly plead that Defendants' alleged actions proximately caused the alleged injuries. "[P]roximate cause under the FHA requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" *Bank of America v. City of Miami*, 137 S.Ct. 1296,

1

1306 (2017) (quoting *Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258, 268 (1992)). The Court has already stated that it concurs with the Eleventh Circuit's interpretation of "proximate cause" in *City of Miami v. Wells Fargo & Co.*, 923 F.3d 1260 (11th Cir. 2019), following the Supreme Court's holding in *Bank of America*. ECF No. 53, pp. 6-8. As such, the Court held that proximate cause in the context of FHA suits "is fairly pled where the injury is directly traceable to the purported violation, without a discontinuity that breaks the connection." ECF No. 53, p. 8.

Having evaluated each of the Counties' alleged categories of injuries according to this standard, the Court held that the Counties sufficiently pled claims associated with foreclosure processing costs but found the alleged non-economic injuries the Counties asserted too far removed from the alleged discriminatory conduct to be plausibly proximately caused by the Defendants.[1] *See* ECF No. 53, pp. 9, 16-17.

As for the remaining three categories of alleged injuries – increased municipal services costs, tax base injuries, and lost municipal income and utility fees – the Court deferred ruling to allow the Counties an opportunity to amend their complaint to include more detail with respect to these claims. ECF No. 54. The Court granted the Counties ninety days to amend their complaint and twenty days to petition the court for specific limited discovery as might fortify their claims. *Id.* The Counties, in fact, filed a Motion for Limited Discovery in Support of Their Amended Complaint, ECF No. 55, to which Defendants responded, ECF No. 56, and the Counties replied, ECF No. 59.

---

[1] Accordingly, the Court Denied Defendants' Motion to Dismiss as it relates to foreclosure processing costs and Granted it as it relates to non-economic damages. ECF No. 54.

2

*b. Motion for Limited Discovery*

The Counties request "loan origination and servicing data for each of the residential 1-4 family first and second lien mortgage and home equity loans and lines of credit that Defendants originated, purchased, funded, sold, serviced, and/or foreclosed upon in the Counties from January 1, 2003 to date." ECF No. 55, p. 3. They explain that this data will permit them "to identify the specific discriminatory loans and foreclosures at issue" which will enable them to identify the pertinent property addresses, which, in turn, can be matched with property tax information. In all, the requested data and the subsequent data that flow from it, can be used to – according to the Counties – isolate property value and tax base related damages caused by Defendants via statistical regression analysis. *Id.* at 3-4.

The requested data, the Counties concede, is the precise type of data the Counties would seek during Discovery. ECF No. 59, p. 3. But in view of this, as Defendants argue, it is not appropriate to grant such discovery at this stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *Libertarian Party of Virginia v. Alcorn*, 826 F.3d 70 8, 718 (4th Cir. 2016) (stating that plaintiff's demand for discovery "misapprehends the nature of a motion to dismiss"); *see also Bynum v. Martin*, 2016 WL 7468050, at *6 n.9 (D. Md. Dec. 27, 2016) (denying plaintiff's request for discovery in advance of the Court's decision on a 12(b)(6) motion). Moreover, the Counties themselves suggest the need for limited discovery may be moot. In their reply, the Counties explain that they "do not need the [requested data] at this early stage of the litigation" and even without the requested data they "are prepared to amend their complaint" in accordance with the Court's prior Opinion and Order. ECF No. 59, p. 5, 7.

The Court accepts at this time that limited discovery is not necessary (if not improper). Since the Counties concede that it is ultimately not needed at this stage, the Court **DENIES** the Counties' Motion for Limited Discovery in Support of Their Amended Complaint.[2]

*c. Leave to Amend Complaint*

Since the Counties have indicated that they are prepared to amend their complaint to better explain "how a regression analysis will both isolate the causal links between Defendants' actions and the Counties' damages" as well as "quantify those damages," ECF No. 59, p. 7, the Court will welcome such an explanation in the Amended Complaint. A sworn declaration from a regression analysis expert would be useful in this regard.

In accordance with ECF No. 54, the Counties **SHALL** have until November 15, 2019, to file an Amended Complaint.

A separate Order will **ISSUE**.

/s/

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**October 22, 2019**

---

[2] Defendants requested oral argument on this issue. *See* ECF No. 56. No hearing is necessary. *See* Local Rule 105.6.

4