IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PRINCE GEORGE'S COUNTY, MARYLAND,** *et al.*, | * * * |
| Plaintiffs, | * * |
| v. | * Civil No. **18-3576 PJM** |
| **WELLS FARGO & CO.** *et al.*, | * * * |
| Defendants. | * |

## MEMORANDUM OPINION

Prince George's County and Montgomery County, Maryland ("the Counties") filed this suit against Wells Fargo & Company and related entities[1] (collectively "Wells Fargo"), alleging predatory and discriminatory residential mortgage lending, servicing, and foreclosure practices in violation of the Fair Housing Act (FHA), 42 U.S.C. §§ 3601 *et seq.* In a previous Opinion, the Court denied Wells Fargo's motion to alter or amend its decision not to certify for interlocutory appeal the question of whether, as a matter of law, the Counties have adequately alleged the "direct relation between the injury asserted and the injurious conduct alleged," necessary to meet the proximate-cause requirement under the FHA. *See* Fourth Mem. Opinion (May 13, 2021), ECF No. 105. The Court held that Wells Fargo did not meet the high bar for certification, explaining, in part, that it was not persuaded that a substantial ground for difference of opinion existed. *Id.* at 10–11.

---

[1] Other Defendants include Wells Fargo Bank, N.A. (a subsidiary of Wells Fargo & Co.), Wells Fargo Financial, Inc. (previously a subsidiary of Wells Fargo & Co., until it transferred its lending operations to Wells Fargo Bank), and Wells Fargo "John Doe" Corps. 1–375 (affiliates or subsidiaries of Wells Fargo & Co. that may be responsible for the conduct alleged in the complaint).

1

Following the Ninth Circuit's unanimous en banc opinion in *City of Oakland v. Wells Fargo & Co.*, 14 F.4th 1030 (9th Cir. 2021), reversing a panel opinion of that court, Wells Fargo filed a Motion for Reconsideration of this Court's May 13, 2021 Order. Mot. for Reconsideration, ECF No. 125 (the "Motion"). The Counties oppose the request. ECF No. 128. Wells Fargo asserts that there has been a "change in applicable law" that supports reconsideration. Mot. at 2.

Having reviewed the Motion for Reconsideration and, for the reasons that follow, the Court will **GRANT** the Motion and will **CERTIFY** for interlocutory appeal the specific question of whether the Counties' tax-based and municipal-expenditure claims for damages, both of which rely on regression analysis, would satisfy the FHA's proximate-cause requirement.

**I.**

The background and procedural history of this case have been set forth in detail in the Court's prior opinions. *See* ECF Nos. 53, 60, 91, 105. To summarize: The Counties allege that Wells Fargo engaged in predatory lending practices relative to racial minority communities in their respective jurisdictions, which they say contributed to the recent financial crisis characterized by mortgage loan delinquencies, defaults, foreclosures, and home vacancies in the Counties, particularly in communities with high concentrations of FHA-protected minority residents. Am. Compl. ¶¶ 3–4, ECF No. 62.

The suit proceeds in three counts: Count I, disparate impact resulting from Wells Fargo's alleged equity-stripping scheme, beginning with loan origination and continuing through servicing and mortgage foreclosure, Am. Compl. ¶¶ 443–67; Count II, disparate impact based solely on Wells Fargo's mortgage servicing and foreclosure practices, *id.* ¶¶ 468–82; and Count III, intentional disparate treatment throughout the entire equity-stripping scheme, *id.* ¶¶ 483–93.

Asserting both disparate-impact and disparate-treatment theories, the Counties allege five general categories of injuries: foreclosure processing costs, increased cost of municipal services (i.e., municipal expenditures), economic injuries to the Counties' tax base, lost municipal income, and various noneconomic injuries. *See* First Mem. Op. at 2–3, ECF No. 53.

In support of its allegations that the Wells Fargo's discriminatory lending practices caused these injuries, the Counties engaged an expert, Dr. Charles Cowan, who conducted a series of regression analyses. *See* Am Compl. On February 17, 2021, the Court issued a third opinion and order,[2] granting the motion to dismiss as to the claim for lost municipal income but allowing the claims for economic injuries to the Counties' property tax bases and increased municipal expenditures to go forward. Third Mem. Op., ECF No. 91; Order, ECF No. 92. In relevant part, based on Dr. Cowan's regression analysis, the Court held that the Counties had adequately alleged that their property tax-related and increased municipal-expenditure injuries were proximately caused by Wells Fargo's purported violation of the FHA because the Counties had demonstrated "some direct relation" between those injuries and Wells Fargo's alleged conduct. *See* Third Mem. Op. at 7, 9–15 (quoting *Bank of Am. Corp. v. City of Miami* (*Miami I*), 137 S. Ct. 1296, 1305–06 (2017)). In particular, the Court determined that the Counties had sufficiently demonstrated how, engaging the professional expertise of Dr. Cowan, they proposed to use regression analysis techniques to isolate the damages to the Counties' property tax bases and the municipal expenditures that could be directly traced to Wells Fargo's alleged discriminatory lending. *See id.* at 11–15.

On March 15, 2021, Wells Fargo filed a motion to amend the Court's judgment to include a certification for interlocutory appeal. ECF No. 98. Specifically, Wells Fargo sought to

---

[2] The Court's Second Memorandum Opinion, ECF No. 60, addressed the Counties' Motion for Limited Discovery in Support of their Amended Complaint. The Court denied that motion.

3

immediately appeal to the Fourth Circuit the proposed question of whether, as a matter of law, the Counties have adequately alleged, based on their tax-base and municipal-expenditure theories, the "direct relation between the injury asserted and the injurious conduct alleged" necessary to meet the proximate-cause requirement under the FHA." *See id.* As indicated, however, on May 13, 2021, the Court issued a fourth opinion and order, denying the motion to amend because it was not persuaded that Wells Fargo had met the statutory criteria for certification. *See* Fourth Mem. Op., ECF No. 105. In relevant part, the Court determined that Wells Fargo's proposed question did not control the outcome of the case nor that the question was purely legal in nature and that there was not a substantial ground for difference of opinion. *Id.*

On June 14, 2021, Wells Fargo filed a motion to phase initial discovery and dispositive motions to the two-year-limitations period, ECF No. 114, which the Counties opposed, ECF No. 119. On October 1, 2021, Wells Fargo filed the present Motion for Reconsideration, ECF No. 125. Following the filing of the present motion, the Court decided to postpone the hearing on the motion to phase discovery. ECF No. 124. On October 21, the Counties responded in opposition to the Motion for Reconsideration, ECF No. 127, and on November 1, 2021, the Wells Fargo replied, ECF No. 128. The Court now considers the Motion for Reconsideration.

## II.

Section 1292(b) permits the appeal of an interlocutory order if the district court certifies that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The decision to certify an interlocutory appeal is firmly in the district court's discretion." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 452 (D. Md. 2015). Wells Fargo submits that the recent unanimous en banc

4

decision from the Ninth Circuit supports reconsideration of the Court's previous opinion denying Wells Fargo's request for a certification for interlocutory appeal. *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir 2017). According to Wells Fargo, this recent Ninth Circuit decision highlights the substantial ground for a difference of opinion regarding the proximate cause requirement of the FHA.

**A.**

Throughout the pendency of this litigation, one of the most contested issues has been whether the Counties have plausibly alleged that Wells Fargo's equity-stripping scheme proximately caused injuries to the Counties' tax bases and increased their municipal expenditures. In its previous opinions, this Court explained that it found reasoning in comparable federal court cases helpful in analyzing the direct proximate cause requirement set forth by the Supreme Court in *Miami I*, including the Eleventh Circuit's opinion following the Supreme Court's remand of that case. *See* Third Mem. Op. and Fourth Mem. Op. (citing *City of Miami v. Wells Fargo & Co. (Miami II)*, 923 F.3d 1260, 1279 (11th Cir. 2019), *vacated as moot sub nom. Bank of Am. Corp. v. City of Miami*, 140 S. Ct. 1259 (2020) (mem.), and *City of Oakland v. Wells Fargo & Co.*, 972 F.3d 1112 (9th Cir. 2020), *rehr'g en banc granted, opinion vacated*, 993 F.3d 1077 (9th Cir. 2021), and *on rehr'g en banc*, 14 F.4th 1030 (9th Cir. 2021)). Looking to those cases for guidance, the Court found that the Counties had plausibly alleged claims based on injuries to their tax base and increases in their municipal expenditures.

*1. City of Miami*

In *Miami I*, the Supreme Court held that "foreseeability alone is not sufficient to establish proximate cause under the FHA," which "requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" Id. at 1305–06 (quoting Holmes v. Sec. Inv. Prot. Corp., 503

5

U.S. 258, 268 (1992)). However, the Supreme Court left it to the lower courts to "define, in the first instance, the contours of proximate cause under the FHA and decide how that standard applies to [a municipality's] claims for lost property-tax revenue and increased municipal expenses." *Id.* The Court further noted that the proximate cause analysis in FHA cases is analogous to the proximate cause analysis in tort actions in that the general tendency, with respect to damages, is not to go beyond the firsts step of causal links. *Id.* at 1306.

The Eleventh Circuit, interpreting the Supreme Court's directive in *Miami I*, explained its view of proximate cause in the context of the FHA. *Miami II*, 923 F. 3d 1260. After providing a thorough analysis of the statutory and contextual history of the FHA, the court concluded that "[p]roximate cause asks whether there is a direct, logical, and identifiable connection between the injury sustained and its alleged cause. If there is no discontinuity to call into question whether the alleged misconduct led to the injury, proximate cause will have been adequately pled." *Id.* at 1264. The Eleventh Circuit discussed regression analysis at length, holding that the complaints sufficed to describe the analysis in in a plausible manner. *Id.* at 1283.

Following the Eleventh Circuit's decision in *Miami II*, the Wells Fargo petitioned for a writ of certiorari. But before the Supreme Court ruled on the petition, Miami unilaterally dismissed its lawsuit, mooting the petition. *See City of Miami v. Bank of Am. Corp.*, No. 13-cv-24506, slip op. at 1 (S.D. Fla. Jan. 30, 2020); *City of Miami v. Wells Fargo & Co.*, No. 13-cv-24508, slip op. at 1 (S.D. Fla. Jan. 30, 2020). On Wells Fargo's motion, the Supreme Court nevertheless vacated the Eleventh Circuit's opinion under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).[3] *Wells Fargo & Co. v. City of Miami*, 140 S. Ct. 1259 (2020).

---

[3] In *Munsingwear*, the Supreme Court explained that, when a civil case in federal court becomes moot while "on its way to" the Supreme Court or "pending [the Court's] decision on the merits," the decision below should ordinarily be vacated. 340 U.S. at 39.

6

## 2. *City of Oakland*

In another similar case, *City of Oakland v. Wells Fargo & Co.*, the Ninth Circuit allowed Oakland to maintain its tax-base FHA claim, determining that Oakland plausibly alleged its tax-base injuries by explaining how regression analyses could identify a portion of the city's decreased property taxes that could be fairly attributed to Wells Fargo's allegedly discriminatory conduct. 972 F.3d at 1133. The panel reasoned that the proposed regression analyses could plausibly account for other variables such that the analyses could show the direct relationship between Wells Fargo's conduct and Oakland's injury. *Id.* The panel determined, however, that Oakland had not plausibly alleged a direct relation between Wells Fargo and its increased municipal expenses because Oakland failed to account for other variables that may have affected its expenses. *Id.* at 1136.

Following the issuance of the panel's decision, the Ninth Circuit voted to rehear *City of Oakland* en banc. *City of Oakland v. Wells Fargo & Co.*, 993 F.3d 1077 (9th Cir. 2021). And en banc, the Ninth Circuit unanimously ordered dismissal of all of the city's claims under the FHA for failing to meet the direct proximate cause requirement set forth by *Miami I*. *City of Oakland v. Wells Fargo & Co.*, 13 F.4th 1030, 1042 (9th Cir. 2021). The court held that Oakland had failed to sufficiently plead proximate cause for its tax-base claim because it failed to fill gaps in the causal chain through regression analysis. *Id.* at 1040. The court also determined that Oakland's municipal-expenditure claim was conclusory because it was not plead with specificity and because it introduced even more independent factors to the causal chain than the tax-base claim. *Id.* at 1041. ("This claim, which lacks even a scintilla of directness between the FHA violation and the purported harm, is founded on speculation based on conjecture.").

**B.**

Given the recent en banc decision in *City of Oakland*, Wells Fargo now asks the Court to reconsider its May 13, 2021 Order insofar as it denied its motion to certify for interlocutory appeal the question of whether, as a matter of law, the Counties have adequately alleged the "direct relation between the injury asserted and the injurious conduct alleged," *Bank of America v. City of Miami*, 137 S. Ct. 1296, 1306 (2017) (*Miami I*). Mot., ECF No. 125, at 1. Wells Fargo submits that the theory of liability in *City of Oakland* is substantially similar, if not the same, as the theory advanced by the Counties in this case. *Id.* at 1–2. Wells Fargo further argues that this Court "relied heavily" on the panel opinion in *City of Oakland*, which is no longer good law. *Id.* at 2.

As discussed above, in *Miami I*, the Supreme Court did not specify the precise contours of the proximate causation standard as it applies to FHA claim. 137 S. Ct. at 1306. Despite the recent en banc opinion in *City of Oakland*, this Court continues to find the proximate cause reasoning in both *Miami II* and the panel decision in *City of Oakland* convincing for the reasons discussed in its prior opinions. *See* First Mem. Op., ECF No. 53, at 6–8, 12–14; Third Mem. Op., ECF No. 91, at 7, 11–14. That is, the Court remains persuaded that regression analysis techniques would be helpful in demonstrating "some direct relation between the injury asserted and the injurious conduct alleged" as required by *Miami I*. *See* Third. Mem. Op. at 12. Nonetheless, the Court cannot fail to take note of the divergent results reached in similar cases by other courts. *See, e.g., City of Oakland v. Wells Fargo & Co.*, 14 F.4th 1030 (9th Cir. 2021); *Miami II*, 923 F.3d 1260, 1279 (11th Cir. 2019), *vacated as moot sub nom. Bank of Am. Corp. v. City of Miami*, 140 S. Ct. 1259 (2020) (mem.); *Montgomery County, Maryland v. Bank of Am. Corp.*, 421 F.Supp.3d 170, 190–92 (D. Md. 2019); *Cnty. of Cook, Ill. v. Wells Fargo & Co.*, 314 F.Supp.3d 975 (N.D. Ill.

2018); *City of Philadelphia v. Wells Fargo & Co.*, No. CV 17-2203, 2018 WL 424451, at *5 (E.D. Pa. Jan. 16., 2018).

Accordingly, especially in view of the en banc decision in *City of Oakland*, this Court now finds that the question of proximate cause—as it applies to the Counties' tax-base and municipal-expenditure claims only—is proper for immediate appeal. The Counties argue that some of their other claims, particularly their claims that Wells Fargo's discriminatory conduct went beyond loan origination, were not addressed by the en banc opinion in *City of Oakland*. Response in Opposition, ECF No. 127, at 3. Further, they argue that their proposed regression analyses differ from the analyses proposed by Oakland. *Id.* at 4. Even so, Wells Fargo submits that the allegations regarding discriminatory lending practices, including both loan origination and servicing, are present in both cases. Reply in Supp. of Mot., ECF No. 128, at 2. Moreover, Wells Fargo points out that the reasoning in *City of Oakland*, if adopted by the Fourth Circuit, would preclude certain other theories of liability. *Id.* at 3. Given the now more sharply varying results of other courts, the Court agrees that this legal question would benefit from guidance from the Fourth Circuit at this stage. To be clear, while the Court still affirms its own proximate cause analysis as set forth in its Third Memorandum Opinion, it will certify this particular legal question for appeal to the Fourth Circuit.

### III.

The Court therefore **GRANTS** Wells Fargo's motion and **AMENDS** its February 17, 2021 Order, ECF No. 12, to certify the following question for immediate appeal: At the motion to dismiss stage, do the Counties' claims for economic injuries to their tax bases and for increased municipal services—which are based on regression analysis—satisfy the FHA's proximate cause requirement?

The Motion will be **DENIED** in all other respects.[4]

A separate order will issue.

December 15, 2021

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[4] Now that the Court has ruled on Wells Fargo's Motion for Reconsideration, Counsel shall promptly and jointly advise the Court when and if a hearing on Wells Fargo's Motion to Phase Initial Discovery and Dispositive Motions, ECF No. 114, should be set.